Maximilian Moss, S.
An issue has been raised as to priority of payment out of the proceeds of the cause of action for personal injuries. Petitioner contends that payment of her widow’s exemption under subdivision 4 of section 200 of the Surrogate’s Court Act is entitled to priority; the compensation carrier claims that its lien under subdivision 1 of section 29 of the Workmen’s Compensation Law for compensation payments and medical expenses is prior to the widow’s exemption. The carrier makes no claim against the recovery in the cause of action for the wrongful death of the decedent.
Subdivision 1 of section 29 of the Workmen’s Compensation Law creates an unequivocal lien in behalf of an insurance carrier who has paid compensation or medical benefits to or in behalf of an injured employee (Moeller v. Associated Hosp. Serv. of *646 Capital Dist., 304 N. Y. 73, 75; Calhoun v. West End Brewing Co., 269 App. Div. 398) after the deduction of the reasonable and necessary expenditures, including attorneys’ fees incurred in effecting such recovery.
The court determines that the carrier has a lien upon the proceeds recovered and allocable to the cause of action for conscious pain and suffering of decedent to the extent of the amount it paid in compensation and medical expenses for decedent; that such lien shall be satisfied by petitioner from the proceeds of said recovery after first deducting therefrom the proportionate amount of the attorneys’ compensation and disbursements herein allowed; and that out of said recovery for conscious pain and suffering, the balance remaining, if any, after payment of the carrier’s lien, shall be set off to the widow as exempt property.
The compromise of the cause of action for decedent’s conscious pain and suffering and wrongful death is approved. The net proceeds thereof, giving effect to the foregoing determination, shall be distributed to the decedent’s widow and two infant children in the percentages set forth under paragraph “ (g) ” of the special guardian’s report. The infants’ shares of such net recovery being less than $500, the same shall be paid to their mother (Surrogate’s Ct. Act, § 271). The compensation requested by the attorneys for legal services rendered is fair and reasonable and is allowed. Such compensation shall be allocated 2/llths thereof to the recovery had for conscious pain and suffering and 9/llths thereof to the recovery had for wrongful death of decedent, payable from the respective shares of the widow and infants in the same percentages that they share in that portion of the recovery.