Robert PERRY

v.

**HARTFORD ACCIDENT AND
INDEMNITY CO.**

Supreme Judicial Court of Maine.

Argued May 1, 1984.

Decided Aug. 13, 1984.

**134**

Reagan & Adams, P.A., David P. Cullenberg (orally), Kennebunk, for plaintiff.

Norman & Hanson, John H. King, Jr. (orally) Stephen Hessert, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

In his action in Superior Court (Cumberland County) against his employer's compensation carrier, plaintiff Robert Perry sought a declaration that the lien provided to his employer by section 68 of the Workers' Compensation Act[1] does not extend to the amounts plaintiff had recovered from a third party tortfeasor for pain and suffering and other damages not compensable under the Act. The Superior Court granted summary judgment in favor of defendant Hartford Accident and Indemnity Company (Hartford) on the basis of its finding that plaintiff's claim did not present the "real controversy" that is necessary for adjudication under the Declaratory Judgments Act. On appeal, we hold that the Superior Court erred in not reaching the merits of the question raised by plaintiff's complaint. We nevertheless order summary judgment in favor of defendant Hartford because, as a matter of law, the section 68 lien does extend to the entire amount that plaintiff recovered from the

---

1. 39 M.R.S.A. § 68 (Pamph. 1983–1984) provides:

> When an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages.
> *If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any compensation payment scheme shall have a lien for the value of comensation paid on any damages subsequently recovered against the third person liable for the injury.* If the employee or compensation beneficiary fails to pursue his remedy against the third party within 30 days after written demand by an employer or compensation insurer in interest, the employer or compensation insurer shall be subrogated to the rights of the injured employee and shall be entitled to enforce liability in their own name or in the name of the injured party; the accounting for the proceeds to be made on the basis provided.
> *If the employee or compensation beneficiary recovers damages from a third person, he shall* repay to the employer or compensation insurer, out of the recovery against the third person, the benefits paid to him by the employer or compensation insurer under this Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees.
> If the employer or compensation insurer shall recover from a third person damages in excess of the compensation and benefits so paid or for which he has thus become liable, then any such excess shall be paid to the injured employee, less a proportionate share of the expenses and cost of actions or collection, including reasonable attorney's fees. Settlement of such subrogation claims and the distribution of the proceeds therefrom must have the approval of the court wherein the subrogation action is pending or to which it is returnable; or if not in suit, of a single commissioner. When the court in which such subrogation action is pending or to which it is returnable is in vacation, the judge of the court, or, if the action is pending in or returnable to the Superior Court, any Justice of the Superior Court, shall have the power to approve the settlement of such action and the distribution of the proceeds therefrom. The beneficiary shall be entitled to reasonable notice and the opportunity to be present in person or by counsel at the approval proceeding. (Emphasis added)

third party tortfeasor for bodily injury, including that part recovered for pain and suffering and other damages not compensable under the Workers' Compensation Act.

On December 11, 1980, plaintiff sustained a back injury as a result of an automobile accident caused by the negligence of another driver. At the time of the accident plaintiff was an employee of NASCO, Inc., and was acting within the scope of his employment. NASCO was covered by a workers' compensation insurance policy issued by Hartford.

In his complaint and his subsequently filed affidavit, plaintiff Perry alleged that on February 20, 1981, he underwent back surgery for injuries sustained in the automobile accident. He was readmitted to the hospital on March 4, 1981, with massive gastro-intestinal bleeding, caused by medications administered for the back injury, and subsequently underwent a near total gastrectomy. As the result of his injuries Perry was totally disabled from December 11, 1980, until July 6, 1981. During that period Hartford paid Perry benefits of $284.38 per week and also paid medical bills on Perry's behalf totalling $43,176.85. On July 6, 1981, Perry agreed to a discontinuance of benefits. Then, on July 8, 1981, he entered into a settlement agreement with the driver of the other car involved in the accident that awarded plaintiff $100,000, apparently the limit of the other driver's insurance coverage. Of the $100,000 settlement, $51,555.64 was paid directly to Hartford in satisfaction of its section 68 lien for benefits and medical expenses previously paid to Perry or on his behalf, and $48,444.36 was paid to Perry himself.

Plaintiff's affidavit averred that following the discontinuation of benefits and the settlement of his third party claim, he continued to suffer "dumping syndrome" [2] and reactive hypoglycemia, a result of the gastrectomy. However, he returned to work and continued working until June 25, 1982, when he was disabled for a period of six weeks by hypoglycemia secondary to the dumping syndrome. The affidavit further stated that since returning to work following the second period of disability he has continued to suffer from intestinal problems culminating in additional surgery in 1983. Despite plaintiff's petitions for payment of further compensation and medical expenses and for recovery for permanent impairment, Hartford made no payments after July 6, 1981, claiming a credit against plaintiff's third party recovery not already paid to it, in the amount of $48,444.36. Plaintiff claimed that as of August 1, 1983, the date of his affidavit, he was owed benefits under the Workers' Compensation Act in excess of $20,000.

Following commencement of this action, plaintiff filed a motion for partial summary judgment on his claim that a section 68 lien does not extend to portions of a third party recovery allocable to pain and suffering and other damages not compensable under the Workers' Compensation Act. Defendant filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Finding that plaintiff's claim failed to present a "real controversy," the Superior Court granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted, treating the motion as one for summary judgment.

I.

■ By statute, 14 M.R.S.A. § 5953 (1980), and rule, M.R.Civ.P. 57, the Superior Court is authorized to grant declaratory relief in appropriate circumstances. *See Randlett v. Randlett*, 401 A.2d 1008, 1010 (Me.1979). The Superior Court's exercise of discretion in granting or denying that relief is accorded deference on appeal. *See Eastern Fine Paper, Inc. v. Garriga Trading Co.*, 457 A.2d 1111, 1113 n. 2 (Me.1983); *Cape Elizabeth School Board v. Cape*

**2.** Dumping syndrome is a condition whereby food is prematurely dumped by the stomach into the small intestine prior to proper digestion.

*Elizabeth Teachers Association,* 435 A.2d 1381, 1383 (Me.1981); *Liberty Mutual Insurance Co. v. Weeks,* 404 A.2d 1006, 1008 n. 4 (Me.1979). However, the degree of deference is less than that accorded many other rulings made by a court of first instance, such as findings of historical fact based on testimony or discretionary rulings on the admissibility of evidence. *Eastern Fine Paper, Inc. v. Garriga Trading Co.,* 457 A.2d at 1113 n. 2. The exercise of discretion must be "based on good reason." *Id.* at 1113. *See Hanes Corp. v. Millard,* 531 F.2d 585, 591 (D.C.Cir.1976). Furthermore, in exercising his discretion the trial judge must take cognizance that

> [a]s a remedial statute the Declaratory Judgments Act is entitled to a liberal construction to effectuate its salutary purpose. This in turn will occasion liberality in the exercise of the court's discretion.

*King Resources Co. v. Environmental Improvement Commission,* 270 A.2d 863, 867 (Me.1970).

The initial inquiry facing a court confronted by an action seeking declaratory relief is whether the controversy between the parties is sufficiently "real" to avoid the constitutional prohibition against rendering advisory opinions except as required by Me. Const. art. VI, § 3. *Liberty Mutual Insurance Co. v. Weeks,* 404 A.2d at 1008 n. 4; *Shapiro Brothers Shoe Co. v. Lewiston-Auburn Shoeworkers Protective Association,* 320 A.2d 247, 251 n. 7 (Me. 1974). A real controversy is present where the plaintiff

> set[s] forth a claim of right or obligation buttressed by a sufficiently substantial interest to warrant judicial protection and assert[s] it against a defendant having an adverse interest in contesting it.

*Allstate Insurance Co. v. Lyons,* 400 A.2d 349, 351 (Me.1979). *See King Resources Co. v. Environmental Improvement Commission,* 270 A.2d at 867; *Maine Sugar Industries, Inc. v. Maine Industrial Building Authority,* 264 A.2d 1, 4–5 (Me. 1970). In determining whether to entertain

an action for declaratory relief, the trial court additionally should consider whether the adjudication will serve some useful purpose, *Eastern Fine Paper, Inc. v. Garriga Trading Co.,* 457 A.2d at 1113; *Cape Elizabeth School Board v. Cape Elizabeth Teachers Association,* 435 A.2d at 1383; or whether the controversy presents an issue of public importance. *King Resources Co. v. Environmental Improvement Commission,* 270 A.2d at 867.

Relying on our decision in *Liberty Mutual Insurance Co. v. Weeks,* the Superior Court held that because the settlement agreement between plaintiff and the third party tortfeasor failed to allocate a part of the settlement fund to pain and suffering, determination whether the section 68 lien reached portions of a settlement fund allocable to pain and suffering would amount to an advisory opinion. The Superior Court's reliance on *Liberty Mutual* is misplaced. In that case, as in the present one, a workers' compensation beneficiary sought a declaration that the employer's section 68 lien did not extend to portions of a third party recovery allocable to pain and suffering. Although in *Liberty Mutual* the Superior Court decided other issues there presented, it did not rule on the pain and suffering issue. We upheld the court's implicit refusal to consider that issue on the ground that because no amount of the third party recovery had been allocated to pain and suffering, "to rule upon the . . . indeterminate or non-existent damages for pain and suffering . . . would be to render an advisory opinion." *Liberty Mutual Insurance Co. v. Weeks,* 404 A.2d at 1008 n. 4.

In contrast to *Liberty Mutual,* where the Superior Court declined to decide the pain and suffering issue after full evidentiary presentation, the court in the case at bar denied declaratory relief by granting summary judgment of dismissal for defendant. Summary judgment is appropriate only when " 'the facts before the court so conclusively preclude . . . [a party's] recovery' that a judgment in favor of the other party

is the only possible result." *Wallingford v. Butcher,* 413 A.2d 162, 165 (Me.1980) (quoting *Cardinali v. Planning Board of Lebanon,* 373 A.2d 251, 255 (Me.1977)). *See* M.R. Civ. P. 56 (summary judgment appropriate where "there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law"). The undisputed facts before the Superior Court did not demonstrate that Perry's third party recovery for pain and suffering and other damages not compensable under the Workers' Compensation Act was nonexistent or so indeterminate as to preclude the presence of a "real controversy." On the contrary, in the present case, there is no doubt that plaintiff Perry sustained pain and suffering by reason of the injuries caused by the third party's tort. The settlement agreement between Perry and the tortfeasor specifically provided that in consideration for the amount received by plaintiff, he discharged the third party from "any and all claims, demands, rights, and causes of action ... arising from ... bodily and personal injuries" resulting from the accident. Thus, in contrast to *Liberty Mutual,* here it is clear that plaintiff Perry did in fact settle all his claims, including his very real claims for pain and suffering. In his affidavit plaintiff states that at the time of settlement he was advised by the insurance carrier of the third party tortfeasor, "that the settlement included elements of pain and suffering." Defendant has not contested that averment. Although plaintiff did not indicate what amount of the third party settlement was allocable to pain and suffering, the amount of those damages could be determined through further litigation.

In determining that issue, as well as the other issues presented by this case, the court would be assisted by the advocacy of the parties, who are fighting hard for their respective positions. The adversarial relation of the parties is the direct result of the financial interest each has in the settlement fund. The uncontradicted affidavit of plaintiff recites:

Since the commencement of this action Defendant has agreed to stipulate to a 10% permanent impairment of my back but asserts that payments of the same, amounting to approximately $5,687.60, is offset by its continuing lien. Benefits under the Workers' Compensation Act owed to me at this time including wage benefits, medical expenses and permanent impairment exceed $20,000.00.

The undisputed facts before the Superior Court by no means dictated a summary finding that no "real controversy" existed between the parties.

Furthermore, adjudication of plaintiff's claim would serve a useful purpose and would settle an issue of public importance. As noted above, each of the parties stood to gain or lose a substantial sum depending on the court's determination of the scope of the section 68 lien. Determination of that issue is of widespread concern, as the section 68 lien would potentially apply to any third party recovery obtained by a workers' compensation claimant that contained elements of pain and suffering and other damages not compensable under the Act. Under the totality of the circumstances presented by this case, the Superior Court erred in summarily denying for lack of a "real controversy" plaintiff's request for a declaration construing section 68.

## II.

Plaintiff thus prevails in his claim that the Superior Court should not have entered a summary judgment of dismissal in defendant Hartford's favor. However, that success on his first point on appeal avails him nothing in the end. On the merits of the question presented by his motion for partial summary judgment, we must order summary judgment for defendant Hartford. *See* M.R.Civ.P. 56(c) ("Summary judgment, when appropriate, may be rendered against the moving party"). We hold that the employer's lien under 39 M.R.S.A. § 68 extends to the entire amount of an employee's recovery against a third party tortfeasor for bodily injury, including

those portions allocable to pain and suffering and loss of wages not compensable under the Workers' Compensation Act.

In so holding, we need look no further than the statute itself. To determine the meaning of a statute this court first will consult the statutory language. *See Soucy v. Board of Trustees of State Retirement System,* 456 A.2d 1279, 1281 (Me.1983); *Opinion of the Justices,* 460 A.2d 1341, 1345 (Me.1982); *Concord General Mutual Insurance Co. v. Patrons-Oxford Mutual Insurance Co.,* 411 A.2d 1017, 1020 (1980); *State v. Hussey,* 381 A.2d 665, 666–67 (Me.1978). Where that language is clear and unambiguous, "our duty is to give effect to the intent of the Legislature as evidenced by the language of the statute." *Concord General Mutual Insurance Co. v. Patrons-Oxford Mutual Insurance Co.,* 411 A.2d at 1020. In those circumstances, it is unnecessary to resort to rules of statutory construction. *Central Maine Power Co. v. Public Utilities Commission,* 405 A.2d 153, 159 (Me.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). *See State v. Millett,* 392 A.2d 521, 525 (Me.1978). 39 M.R.S.A. § 68 provides in pertinent part:

> If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any compensation payment scheme shall have a lien for the value of compensation paid on *any damages subsequently recovered* against the third person liable for the injury....

> If the employee or compensation beneficiary recovers damages from a third person, *he shall repay to the employer or compensation insurer,* out of the recovery against the third person, *the benefits paid to him* by the employer or compensation insurer under this Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees.

(Emphasis added) The highlighted portions of the statute make clear that the injured employee must "repay to the employer or compensation insurer," out of the third party recovery, "the benefits paid" (less the employer's or compensation insurer's proportionate share of cost of collection). The language also makes plain that the employer's lien "for the value of compensation paid" extends to "any damages" recovered. The statutory language does not delineate two categories of third party damages, one of which gives rise to the employer's lien and the other of which does not; it creates a general right of reimbursement and a lien that is coextensive with the right. By the plain meaning of the statutory language, the employer's lien extends to all of the third party recovery, including those portions attributable to pain and suffering and other damages not compensable under the Workers' Compensation Act.

Our interpretation of section 68 is in accord with the prevailing interpretation of comparable provisions in workers' compensation statutes across the country. *See, e.g., United States v. Lorenzetti,* —— U.S. ——, 104 S.Ct. 2284, 81 L.Ed.2d 134 (1984); *Hendry v. Industrial Commission,* 112 Ariz. 108, 538 P.2d 382 (1975), *cert. denied,* 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976); *Barth v. Liberty Mutual Insurance Co.,* 212 Ark. 942, 208 S.W.2d 455 (1948); *Tarr v. Republic Corp.,* 116 N.H. 99, 352 A.2d 708 (1976); *In re Traviglione's Estate,* 36 Misc.2d 645, 232 N.Y. S.2d 961 (1962); *Bumbarger v. Bumbarger,* 190 Pa.Super. 571, 155 A.2d 216 (1959). *See also* 2A A. Larson, *The Law of Workmen's Compensation* § 74.35, at 14–476 to 14–479 (1982).

Plaintiff contends that our construction of section 68 in effect deprives him of a common law right of action and therefore deprives him of property without due process of law, denies him equal protection of law, and also constitutes an uncompensated taking. These contentions are meritless. The Workers' Compensation

Act abrogates any common law right of action that an employee, suffering a work-related injury within the coverage of the Act, may have against his employer on account thereof. *See* 39 M.R.S.A. § 28 (1978); *Gibson v. National Ben Franklin Insurance Co.*, 387 A.2d 220, 222 (Me. 1978). In return, the Act provides "certain and speedy relief to those suffering injury in industry." *Roberts v. American Chain & Cable Co.*, 259 A.2d 43, 49 (Me.1969). The constitutionality of this scheme is, by now, beyond question. *See Middleton v. Texas Power & Light Co.*, 249 U.S. 152, 163, 39 S.Ct. 227, 230, 63 L.Ed. 527 (1919); *New York Central R. Co. v. White*, 243 U.S. 188, 197–208, 37 S.Ct. 247, 250–255, 61 L.Ed. 667 (1917); *Mountain Timber Co. v. Washington*, 243 U.S. 219, 234, 37 S.Ct. 260, 263, 61 L.Ed. 685 (1917); *Keller v. Dravo Corp.*, 441 F.2d 1239, 1242 (5th Cir. 1971), *cert. denied*, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972); *Allen v. Eastman Kodak Co.*, 50 Ohio App.2d 216, 4 Ohio Ops.3d 179, 362 N.E.2d 665 (1976).

In the circumstance where a third party is liable for the employee's injury, section 68 allows the employee the additional right to proceed against the third party at the same time that he claims benefits under the Act. In providing the employer with a right to reimbursement out of the third party recovery for benefits paid, and in granting the employer a lien to enforce that right, section 68 assures only that the employee will recover under "the more generous of the two systems—tort or workers' compensation—but not both." *Great American Insurance Co. v. Queen*, 410 Mich. 73, 75, 300 N.W.2d 895, 898 (1980). *See Mitchell v. Peaslee*, 143 Me. 372, 375, 63 A.2d 302, 303 (1948). Section 68 does not deprive the employee of his common law cause of action against the third party; it only limits him to a single recovery, the more generous one. We see no constitutional infirmity in that limitation. *See Pelkey v. Elsea Realty & Investment Co.*, 394 Mich. 485, 492–93, 232 N.W.2d 154, 157 (1975).

The entry is:

Appeal denied.

Remanded to the Superior Court for entry of declaratory judgment in accordance with the opinion herein.

All concurring.