MAINE DEPARTMENT OF INLAND FISHERIES AND WILDLIFE, et al.

v.

MAINE STATE EMPLOYEES ASSOCIATION, et al.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1986.

Decided Jan. 31, 1986.

Julie M. McKinley (orally), Governor's Office of Employee Relations, Augusta, for plaintiffs.

John R. Lemieux (orally), Shawn C. Keenan, Maine State Employees Ass'n Augusta, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Maine State Employees Association (the Union), the certified bargaining unit for game wardens employed by the plaintiff, Maine Department of Inland Fisheries and Wildlife (the Department),[1] appeals a judgment of the Superior Court (Kennebec County) vacating the Maine Labor Relations Board's (the Board) order that the Department cease and desist from unilaterally changing any aspect of the game wardens' wages, hours and working conditions and immediately reinstate the practice of allowing game wardens to use State vehicles for personal, non-commercial purposes pursuant to the collective bargaining agreement. The Union challenges the Superior Court's conclusion that by the enactment of 12 M.R.S.A. § 7036(6) (Supp.1985–1986), the Legislature placed a specific prohibition on the personal use of State vehicles by game wardens, thus removing the negotiated vehicle use policy from the requirement of collective bargaining. We affirm the judgment.

The facts are undisputed. The Department's refusal to bargain occurred during ongoing negotiations between the State and the Union concerning successor agreements to the 1982–1983 collective bargaining agreements that had expired on June 30, 1983. The lapsed agreements allowed certain law enforcement and supervisory personnel, including game wardens, to use State vehicles for personal purposes wheth-

---

1. Before both the Board and the Superior Court, the State of Maine and the Maine Department of Inland Fisheries and Wildlife were joined as parties, first as respondents in the prohibited practice proceeding held pursuant to 26 M.R.S.A. § 979–H(2) (Supp.1985–1986) and then as Rule 80B plaintiffs in the Superior Court. In this opinion, the term "the Department" refers collectively to both the State of Maine and the Department of Inland Fisheries and Wildlife.

The Union and the Maine Labor Relations Board were joined as defendants in the Superior Court. Only the Union appealed the judgment of the Superior Court. Accordingly, the Board is not a party to this appeal. *Cf. State v. Maine*

er or not on scheduled duty status.[2] In September, 1983, the Legislature enacted a statute to provide additional revenue to the Department. *See* 1983 Me. Laws ch. 588. Part of that Act provides: "No employee may use any department equipment or vehicles for other than official business." 1983 Me. Laws ch. 588, § 4 (codified at 12 M.R.S.A. § 7036(6) (Supp.1985–1986)). Game wardens were advised that as of January 1, 1984, the effective date of the statute, the use of any Department equipment or vehicle for other than official business was unlawful. The above policy was implemented on January 1, 1984. Notwithstanding the passage and policy implementation of section 7036(6), negotiations between the State and the Union resulted in a collective bargaining agreement, effective September 11, 1984, that retained without change the vehicle use policy as articulated in the 1982–1983 agreement.

In response to a prohibited practice complaint filed by the Union on June 29, 1985, the Department admitted that it unilaterally changed the negotiated vehicle use policy without bargaining but defended its action by asserting that because of the enactment of section 7036(6), the matter was "prescribed or controlled by public law," 26 M.R.S.A. § 979–D(1)(E)(1) (Supp.1985–1986), and thus exempt from collective bar-

gaining. Acting on the complaint, the Board ruled in favor of the Union. The Board reasoned that since the Legislature used an ambiguous term, "official business," and did not expressly prohibit the motor vehicle use provided for in the collective bargaining agreement, section 7036(6) did not remove the negotiated vehicle use policy from mandatory collective bargaining. Pursuant to 26 M.R.S.A. § 979–H(7) (Supp.1985–1986) and Rule 80B of the Maine Rules of Civil Procedure, the Department sought review in the Superior Court. That court held that section 7036(6) plainly prohibited the sort of personal use of Department vehicles contemplated by the collective bargaining agreement and vacated the Board's order. The Union's timely appeal followed.

 While the Maine State Employees Labor Relations Act imposes a broad obligation on a public employer and the respective bargaining agent to bargain as to all matters relating to the relationship between the employer and employee, the Legislature recognized that collective bargaining with respect to particular matters might not always be appropriate. The Act explicitly excepts from the requirement of collective bargaining "those matters which are prescribed or controlled by public law."

*Labor Relations Bd.,* 413 A.2d 510, 512–13 (Me. 1980).

2. Relevant provisions of the 1982–1983 collective bargaining agreement provide:

 3. Use of vehicles while on duty status:

 (a) Members of the bargaining unit, while on duty, are authorized to transport members of their immediate family within their assigned area.

 (b) Members of the bargaining unit may use their assigned motor vehicles for personal errands within their assigned area while on duty.

 (c) Transportation, while on duty, for a member of his/her immediate family, beyond the member's assigned area or station, shall require prior permission from his/her immediate supervisor.

 4. Use of vehicle when not on scheduled duty status:

 (a) No State vehicle shall be used outside a member's assigned area when the member is

not on scheduled duty status without prior approval from the appropriate appointing official or his/her designee.

 (b) Whenever a State vehicle is used by a member during non-duty status, the member must assume an "on duty" status for communication and operational purposes.

 (c) Expenses incurred for gasoline, oil and other costs as the result of using a State vehicle under this section 4 shall be borne by the member involved.

 (d) The use of State vehicles within the provisions of this section 4 shall be restricted to occasions that involve necessary personal business or emergencies. Such use shall be kept at an absolute minimum.

There are actually two collective bargaining agreements involved in this case but since they are identical in all pertinent respects, we treat them as one.

26 M.R.S.A. § 979–D(1)(E)(1).[3] The exception prohibits the parties from negotiating an agreement where a statutory provision " 'explicitly and definitively prohibits the public employer from making an agreement as to a particular term or condition of employment.' " *State v. Maine Labor Relations Bd.*, 413 A.2d 510, 515–16 (Me.1980) (quoting *Board of Education v. Associated Teachers of Huntington*, 30 N.Y.2d 122, 129, 331 N.Y.S.2d 17, 23, 282 N.E.2d 109, 113 (1972)). The critical question is whether section 7036(6) explicitly and definitively prohibits collective bargaining that would have the effect of allowing game wardens to use Department vehicles for personal use.[4] We conclude that it does.

■ Section 7036(6) provides that Department employees may not use Department equipment or vehicles "for other than official business." Although the term "official business" is not defined by the statute, its meaning is clear and unambiguous.[5] It means that employees can only use the vehicles while carrying out the duties for which they were hired. This necessarily excludes the use of Department vehicles by Department employees for personal purposes, regardless of whether the employee is on duty or on non-duty status. As the parties implicitly recognize, the natural and common antonym of "official business" is

"personal business." Therefore, the Department did not engage in an unfair labor practice because section 979–D(1)(E)(1) expressly excepts from the requirement of collective bargaining the personal use of Department vehicles by game wardens as a matter prescribed or controlled by 12 M.R.S.A. § 7036(6).

■ Our interpretation of section 7036(6) is unaffected by the fact that following its enactment and the resulting change in policy instituted by the Department on January 1, 1984, the Executive Branch of the State and the Union entered into a successor collective bargaining agreement that contained vehicle use language unchanged from the 1982–1983 agreement. It also cannot be successfully argued that the Legislature's appropriation of funds to cover various collective bargaining agreements constituted either a repeal of section 7036(6) or a ratification of the terms of the collective bargaining contract. It is unrealistic to infer that by funding and implementing the collective bargaining agreement applicable to *all* law enforcement divisions and supervisory personnel, the Legislature intended to repeal the plain meaning of section 7036(6) and 26 M.R.S.A. § 979–D(1)(E)(1).

Accordingly, we conclude that the Department did not engage in an unfair labor

. . . .

**3.** Title 26 M.R.S.A. § 979–D(1)(E)(1) provides: [I]t shall be the obligation of the public employer and the bargaining agent to bargain collectively. "Collective bargaining" means, for the purpose of this chapter, their mutual obligation:

. . . .

E

(1) To confer and negotiate in good faith with respect to wages, hours, working conditions and contract grievance arbitration, except that by such obligation neither party shall be compelled to agree to a proposal or be required to make a concession. All matters relating to the relationship between the employer and employees shall be the subject of collective bargaining, except those matters which are prescribed or controlled by public law. Such matters appropriate for collective bargaining to the extent they are not prescribed or controlled by public law include but are not limited to:

**4.** The construction of section 7036(6) is a question of law for this Court. Since the Board is not charged with enforcing section 7036(6), no deference is accorded to the Board. *Cf. State v. Maine Labor Relations Bd.*, 413 A.2d at 514. Similarly, no deference is accorded to the Superior Court because it functioned as an intermediate appellate court undertaking judicial review of an administrative record, without evidentiary hearings. *See Council 74 AFSCME v. Maine State Emp. Ass'n*, 476 A.2d 699, 703 (Me. 1984).

**5.** Since the meaning of the term "official business" as used in section 7036(6) is clear, it is unnecessary to resort to rules of statutory construction. *See Perry v. Hartford Acc. and Indem. Co.*, 481 A.2d 133, 138 (Me.1984); *Robbins v. Foley*, 469 A.2d 840, 842–43 (Me.1983).

practice when it unilaterally altered the policy of allowing game wardens to use Department vehicles for personal purposes.

The entry is:

Judgment affirmed.

All concurring.