The DISTRICT ATTORNEY FOR the
FIFTH PROSECUTORIAL
DISTRICT OF MAINE

v.

CITY OF BREWER, et al.

Supreme Judicial Court of Maine.

Argued May 9, 1988.
Decided July 13, 1988.

R. Christopher Almy, Dist. Atty., Philip
C. Worden (orally), Asst. Dist. Atty., Do-
ver–Foxcroft, for plaintiff.

George Z. Singal (orally), Steven J. Mog-
ul, Gross, Minsky, Mogul & Singal, for City
of Brewer.

Susan R. Kominsky, Vafiades, Brountas
& Kominsky, Bangor, for amicus curiae,
Bangor Publishing Co.

Before McKUSICK, C.J., and
WATHEN, GLASSMAN, SCOLNIK and
CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff District Attorney appeals from an order of the Superior Court (Penobscot County) dismissing his four-count complaint for declaratory relief against the City of Brewer and various officials of the City. Rather than seeking coercive relief as authorized by statute, plaintiff sought a declaration that certain past meetings, executive sessions, and other actions by defendants violated the freedom of access law (1 M.R.S.A. §§ 401–410 (1979 & Supp. 1987)). On appeal, plaintiff argues that because of the important issues involved, the Superior Court erred in dismissing the case. We find no error and affirm the judgment.

The Superior Court has discretionary authority, under 14 M.R.S.A. § 5953 (1980) and M.R.Civ.P. 57, to grant declaratory relief in appropriate circumstances. The standard of appellate review of the Superior Court's decision is well established in Maine. See Perry v. Hartford Acc. and Indem. Co., 481 A.2d 133, 135–36 (Me. 1984). In Perry, we stated that:

> The Superior Court's exercise of discretion in granting or denying that relief is accorded deference on appeal. However, the degree of deference is less than that accorded many other rulings made by a court of first instance, such as findings of historical fact based on testimony or discretionary rulings on the admissibility of evidence. The exercise of discretion must be "based on good reason." Furthermore, in exercising his discretion the trial judge must take cognizance that
>
> [a]s a remedial statute the Declaratory Judgments Act is entitled to a liberal construction to effectuate its salutary purpose. This in turn will occasion liberality in the exercise of the court's discretion.

*Id.* at 135–36 (cites omitted). We also stated in *Perry* the factors that the Superior Court should consider in determining whether to entertain a declaratory judgment action.

The initial inquiry facing a court confronted by an action seeking declaratory relief is whether the controversy between the parties is sufficiently "real" to avoid the constitutional prohibition against rendering advisory opinions except as required by Me. Const. art. VI, § 3. ... [T]he trial court additionally should consider whether the adjudication will serve some useful purpose, or whether the controversy presents an issue of public importance.

*Id.* at 136 (cites omitted).

The Superior Court, citing *Perry*, found that in this case declaratory relief would serve no useful purpose and that no important public issue or special circumstances were present. The Superior Court noted that the case presented no significant issue of law but only an issue of fact that could readily be determined in an action for enforcement of the freedom of access law.

First, we agree that no significant issue of law is presented. On each count of the complaint, plaintiff asked the Superior Court to declare the meetings in violation of the freedom of access law and to declare that the City and the individual defendants willfully violated the law by participating in the meetings. The issue of law claimed by plaintiff involves the construction of the freedom of access law, particularly 1 M.R.S.A. § 410 (1979), *repealed by* P.L.1987, ch. 477, § 6 (effective Sept. 29, 1987), concerning the meaning of the word "willful." At the time of the alleged violations, 1 M.R.S.A. § 410 provided: "A willful violation of any requirement of this subchapter is a Class E crime."[1] The definitions set forth in the criminal code, including the term "willful," "are applicable to crimes defined outside this code, unless the context of the statute defining the crime clearly requires otherwise." 17–A M.R.S.A. § 6(1) (1983). Because section 410 does not clearly require otherwise,

1. In 1987, P.L.1987, ch. 477, § 6 repealed 1 M.R.S.A. § 410 and replaced it with the following: "For every willful violation of this subchapter, the state government agency or local government entity whose officer or employee committed the violation shall be liable for a civil violation for which a forfeiture of not more than $500 may be adjudged."

the definition of "willful" as defined in the criminal code at 17–A M.R.S.A. §§ 34(1) and 35(1) & (2) (1983) and interpreted in the context of other criminal cases applies to the freedom of access law and is not in need of further construction.

Second, even assuming it is proper in some instances to use a declaratory judgment action to determine solely an issue of fact, in this case doing so serves no useful purpose. Here, the factual determinations concern only past conduct. Plaintiff did not allege in the complaint that the conduct of the defendants is likely to reoccur in the future. The Superior Court was not called upon to declare whether a specific act, certain to occur in the future, is a crime. *Cf. In re Gardner,* 534 A.2d 947 (Me.1987). Instead, the Superior Court was asked to declare the legality of past conduct. Whether a meeting is in violation of the law and whether the parties to the meeting engaged in "willful" conduct are factual issues. Such issues are determined on a case-by-case basis, and we cannot find that the Superior Court abused its discretion in holding that the declaration sought by plaintiff would serve no useful purpose.

The entry is:

Judgment affirmed.

All concurring.