HELP–U–SELL, INC. et al.

v.

MAINE REAL ESTATE COMMISSION.

Supreme Judicial Court of Maine.

Argued April 27, 1992.

Decided Aug. 7, 1992.

---

Martin I. Eisenstein (orally), Daniel C. Stockford, Brann & Isaacson, Lewiston, for plaintiffs.

Timothy Collier (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiffs, Help–U–Sell, Inc., a California corporation that markets and sells franchises for the operation of real estate brokerage offices, and four of its Maine franchisees, all licensed to engage in the practice of real estate brokerage, appeal from a judgment entered in the Superior Court (Kennebec County, *Kravchuk, J.*) dismissing for lack of jurisdiction the plaintiffs' complaint seeking a review, pursuant to 5 M.R.S.A. §§ 11001–11008 (1989) and M.R.Civ.P. 80C, of an advisory ruling issued by the Real Estate Commission. Plaintiffs contend that the Commission acted in excess of its statutory authority and its own rules by issuing Advisory Ruling # 1–91, that the ruling was arbitrary and capricious and an unconstitutional restraint on their freedom of commercial expression. We vacate the judgment and remand to the Superior Court for entry of a judgment affirming the Commission's ruling.

The facts of this case are straightforward and undisputed. In response to a letter from a licensed real estate broker asking for an advisory opinion about the use of the phrase "for sale by owner" in marketing real estate by a real estate brokerage agency, the Commission issued Advisory Ruling # 1–91, which reads as follows:

It is the opinion of the Commission that the use of the term "for sale by owner" in any real estate brokerage related advertising would serve to deceive the public and misrepresent the real estate terms, values, policies and services. The term "for sale by owner" when used in the promotion or marketing of real estate is widely recognized to mean that the real estate is being offered directly by the property owner, without the services of a real estate broker. Therefore, the use of the term "for sale by owner" by a real estate agency to promote or market the sale of property on behalf of others for compensation would constitute a violation of Chapter 330, Section 1 of

the Maine Real Estate Commission rules.[1]

In response to the plaintiffs' written inquiry expressing concern over the ruling and requesting information about its scope, the Commission's Director stated that the ruling extended to all licensed real estate agencies and that any real estate broker who uses the term "for sale by owner" would be violating Commission rules. The plaintiffs sought an order of the Commission to withdraw or modify the ruling. Following the Commission's unanimous vote to reaffirm the ruling, the plaintiffs filed the present complaint in the Superior Court, seeking a review of the Commission's action on the grounds that the ruling was promulgated in violation of the Maine Administrative Procedure Act (APA) and the Commission's rules and is an unconstitutional restraint on the plaintiffs' freedom of expression. The matter was submitted to the court for its decision on the record developed before the Commission. After a hearing, the court dismissed the action for lack of jurisdiction on the ground that the ruling was neither final agency action nor non-final agency action that was independently reviewable, and the plaintiffs appeal.

■ Although the plaintiffs' complaint recites it is pursuant to 5 M.R.S.A. §§ 11001–11008 (1989) (allowing an appeal to the Superior Court from an agency decision) and M.R.Civ.P. 80C (providing the procedure for such review), the plaintiffs agree the action is one seeking declaratory relief pursuant to 14 M.R.S.A. § 5953 (1980) and properly should be so designated. *See Perkins v. Warren*, 247 A.2d 97 (Me.1968); M.R.Civ.P. 1 (Rules shall be construed to secure just, speedy and inexpensive determination of every action.). *See also* 2 Field, McKusick & Wroth,

*Maine Civil Practice* § 80B.2 at 314 (2d ed. 1970). In treating the plaintiffs' complaint as one seeking declaratory relief, we are mindful that judicial review of agency advisory rulings raises the potential constitutional problem of rendering an advisory ruling on a hypothetical controversy in violation of Article VI, section 3 of the Maine Constitution.[2] *Perry v. Hartford Acc. and Indem. Co.*, 481 A.2d 133, 136 (Me.1984). Our initial inquiry is whether the controversy between the parties is "real," namely, whether the plaintiffs

> set forth a claim of right or obligation buttressed by a sufficiently substantial interest to warrant judicial protection and assert it against a defendant having an adverse interest in contesting it.

*Allstate Insurance Co. v. Lyons*, 400 A.2d 349, 351 (Me.1979). In addition, we must "consider whether the adjudication will serve some useful purpose," and "whether the controversy presents an issue of public importance." *Perry*, 481 A.2d at 136. Certainly, the Commission's ruling directly and adversely affects the existing business practices of the plaintiffs and other real estate brokers that use "for sale by owner" in their advertising. Adjudication of the validity of the ruling will determine whether the public is to be protected from this type of advertising. We are satisfied that the case as presented to us for review is sufficiently "real" that adjudication does not contravene the constitutional prohibition against issuing unauthorized advisory opinions.

■ We find no merit in the plaintiffs' first contention that the ruling exceeds the Commission's statutory authority under the APA and its own rules and should be set aside. 5 M.R.S.A. § 9001(1) states that "[u]pon written request of any interested person, an agency may make an advisory

---

1. Chapter 330, Section 1 of the Maine Real Estate Commission Rules provides:

   A. Real estate brokerage related advertising shall be made in the name of the agency as licensed by the Commission. If an agency has licensed a trade name, that trade name shall be used in all advertising.

   B. Real estate brokerage related advertising shall be free from deception and shall not mis-

   represent any real estate, terms, values, policies or services.

2. Article VI, section 3 of the Maine Constitution reads as follows:

   The Justices of the Supreme Judicial Court shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the Governor, Senate or House of Representatives.

ruling with respect to the applicability of any statute or rule administered by that agency to him or his property or actual state of facts." Under Chapter 310, section 1 of the Maine Real Estate Commission Rules, "[t]he Commission may issue an advisory ruling pursuant to 5 M.R.S.A. § 9001 concerning the applicability to an existing factual situation of any statutes or rules it administers." The Commission's advisory ruling relates to the existing practice of some real estate brokers to use the phrase "for sale by owner" in their advertising, a practice to which plaintiffs readily admit. The plaintiffs were given an opportunity in their application for withdrawal or modification to explain any unique facts relating to their business practices that would make the ruling inapplicable to them. The Commission considered these actual state of facts when it reaffirmed its ruling.

Moreover, there is no requirement, as the plaintiffs suggest, that there be concrete evidence of consumer deception before the Commission issues an advisory ruling. The Commission is designed to protect the public and has a duty to ensure that licensees "meet standards which will promote public understanding and confidence in the business of real estate brokerage." 32 M.R.S.A. § 13061 (1988). The Commission is not required to point to an actual injured party when it sets a particular standard for real estate brokers. The Commission therefore did not exceed its authority by issuing this ruling.

■ The plaintiffs next contend that the Commission's ruling was arbitrary and capricious because the phrase "for sale by owner" cannot be considered deceptive or misleading. We disagree. We have previously defined arbitrary and capricious conduct by an administrative agency as "wilful and unreasoning action, without consideration of facts or circumstances." *Central Maine Power Co. v. Waterville Urban Renewal Auth.*, 281 A.2d 233, 242 (Me.1971). The burden of proof clearly rests with a party seeking to overturn an administrative decision. *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450

A.2d 475, 479 (Me.1982). In this case, the Commission was understandably concerned about the harmful effect on the public of misleading advertising by real estate brokers. The phrase "for sale by owner" is a commonly understood phrase in the real estate industry that refers to a property that is being sold without the services of a broker. Use of that phrase by a broker could easily mislead a potential buyer into believing that there will not be a broker involved in the transaction, since all transactions for the sale of property are, in some sense, a sale by the owner. Given the potential to mislead the public when a real estate broker uses the phrase "for sale by owner," the plaintiffs have failed to meet their burden that the agency's advisory ruling was arbitrary or capricious or characterized by an abuse of discretion. 5 M.R.S.A. § 11007(4)(C)(6).

■ Finally, we disagree with the plaintiffs' contention that the Commission's ruling violates the plaintiffs' constitutional right to free speech. The plaintiffs unequivocally stated that the record, as submitted to the Superior Court and to this court, is complete and rejected any suggestion of the necessity for any further evidentiary procedure. Based on this record, we find the phrase "for sale by owner" in advertising by real estate brokers to be misleading. While the first amendment protects commercial speech, it does not protect speech that is misleading. *See Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 566, 100 S.Ct. 2343, 2351, 65 L.Ed.2d 341 (1980) ("For commercial speech to come within [the first amendment], it at least must concern lawful activity and not be misleading."); *Equifax Services, Inc. v. Cohen*, 420 A.2d 189, 197–98 (Me.1980). Accordingly, we need go no further in rejecting the plaintiffs' claim that the advisory ruling violates the plaintiffs' constitutional right to free speech.

The entry is:

Judgment of dismissal vacated; remanded to the Superior Court for the entry of a

judgment affirming the Real Estate Commission's Advisory Ruling # 1-91.

All concurring.