AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 93,

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1993.

Decided Dec. 27, 1993.

Stephen Sunenblick (orally), Sunenblick, Reben, Benjamin & March, Portland, for plaintiff.

Robert E. Moore (orally), Bureau of Employee Relations, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

This appeal arises from a judgment entered in the Superior Court (Kennebec County, *Saufley, J.*) denying the motion of the American Federation of State, County and Municipal Employees, Council 93 ("AFSCME") to vacate an arbitrator's award. The arbitrator found that the issue of compensating certain state employees for two temporary layoff days, as provided by state law, was not "substantively arbitrable." AFSCME contends that the arbitrator exceeded his authority by going outside the parties' collective bargaining agreement and finding that the subsequently enacted state law controlled. We affirm the judgment.

Substantive arbitrability "is a pure question of law involving the interrelationship between the parties' contractual language and the statutory authority governing state employees' labor relations.... Unless the contract clearly provides to the contrary ... 'the final decision on the question of substantive arbitrability is the function of the court....'" *Department of Educ. & Cultural Servs. v. Maine State Employees Ass'n*, 433 A.2d 415, 419 (Me.1981).

AFSCME and the State entered into a three-year collective bargaining agreement ("Agreement") spanning the years 1989 to 1992. Among others, the Agreement covered employees in the Institutional Services Bargaining Unit ("ISU"). In August 1989, the Legislature approved both the Agreement and funding for its first two years (through June 30, 1991). On May 8, 1991, in response to a budget crisis, the Legislature enacted an emergency omnibus budget reduction law for the fiscal year ending June 30, 1991. *See* P.L.1991, ch. 121. Section A–7 of that law provided for the closing of all nonessential government offices on May 10 and May 24, 1991. All state employees, except essential service workers, were required to take two days off, compensation for those days to be deferred until they left state employment. Essential services employees, such as most of those in the ISU, were required to work during those layoff days. In lieu of pay, however, these employees were entitled to receive "compensating time off" for the hours worked and an additional day of compensation for each day worked, to be paid at the time the employee leaves state service.

On behalf of the employees of the ISU, AFSCME filed suit in Superior Court claiming both statutory and constitutional violations of the Agreement. The court (Kennebec County, *Delahanty, C.J.*) held that the new closure law validly superseded prior law and that the layoff provision did not consti-

tute a substantial impairment of the employees' right to contract, in violation of the Contracts Clause. *See* Art. I, § 11, Constitution of Maine ("the Legislature shall pass ... [no] law impairing the obligation of contracts...."). AFSCME that judgment and is not attempting here to attack it collaterally.

AFSCME also filed a grievance contending that the law's requirement of work without compensation violated the terms of the collective bargaining agreement. The arbitrator, relying on the State Employees Labor Relations Act, 26 M.R.S.A. § 979–D(1)(E)(1) (1988), found that the issue was not substantively arbitrable.[1] Although the arbitrator was troubled by the closure law's retroactive effect on the Agreement, he nonetheless concluded that the law legitimately modified the Agreement.

Pursuant to Article 22.2 Step 5 of the Agreement, the arbitrator is charged with making the initial determination of arbitrability. The article also restricts the arbitrator's authority to disposing of a submitted grievance on the basis of applicable provisions of the Agreement.[2] AFSCME contends that the arbitrator went outside the "four corners" of the Agreement and impermissibly considered the state closure law and its impact on the Agreement. We need not reach this issue. The final determination of arbitrability is the function of the court and it is immaterial on review whether the initial determination was properly reached.

■ We agree with the Superior Court which reasoned, "In order for a dispute to be arbitrable, it must relate to an 'applicable provision of the Agreement.' No such appli-

cable provision existed after the lawful enactment of the State Closure Law. Therefore, there is nothing to be arbitrated." The Superior Court properly denied AFSCME's motion to vacate.

The judgment is:

Judgment affirmed.

All concurring.

---

1. Section 979–D(1)(E)(1) provides in pertinent part that "[a]ll matters relating to the relationship between the employer and employees shall be the subject of collective bargaining, except those matters which are prescribed or controlled by public law." 26 M.R.S.A. § 979–D(1)(E)(1). *See also State v. Maine State Employees Ass'n,* 538 A.2d 755, 759 (Me.1988); *Maine Dept. of Inland Fisheries & Wildlife v. Maine State Employees Ass'n,* 503 A.2d 1285, 1287 (Me.1986).

2. Article 22.2 Step 5 provides in pertinent part:
   The authority of the arbitrator(s) shall be limited to disposing of the grievance submitted to him on the basis of the applicable provisions of

this Agreement. He shall confine himself to the precise issue submitted for arbitration and shall have no authority to determine any other issues not so submitted to him, nor shall he submit observations or declarations of opinion which are not essential to reaching the determination. The arbitrator(s) shall have no power or authority, directly or indirectly, to add to, subtract from, alter or otherwise modify any provisions of this Agreement.

Step 5 also provides that "[i]n the event a disagreement exists regarding the arbitrability of an issue, the arbitrator(s) shall make a preliminary determination whether the issue is arbitrable under the express terms of this Agreement."