STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  DOCKET NO CV-06-146
                                                  WRA - PEN -4/22/2009

                                         ┌─────────────────────────┐
                                         │  FILED & ENTERED         │
CONSTRUCTION SERVICES                     │  SUPERIOR COURT          │
WORKERS' COMPENSATION                     │                          │
GROUP SELF-INSURANCE TRUST,               │     APR 22 2009          │
                                         │                          │
          Plaintiff,                      │  PENOBSCOT COUNTY        │
     v.                                  └─────────────────────────┘
DENNIS STEVENS and                       DECISION and ORDER
GILBERT & GREIF, P.A.,

          Defendants.


In this declaratory judgment action, defendant Stevens settled a third party

claim arising from an injury that had occurred in the work place. Since the plaintiff paid

him workers' compensation benefits prior to the settlement, the plaintiff is entitled to a

third party lien against the settlement by operation of 39-A M.R.S.A. § 107, that

provides:

> If the injured employee elects to claim compensation and benefits under this Act,
> any employer having paid the compensation or benefits or having become liable
> for compensation or benefits under any compensation payment scheme has a
> lien for the value of compensation paid on any damages subsequently recovered
> against the 3rd party liable for the injury... If the employee or the employee's
> beneficiary recovers damages from a 3rd person, the employee shall repay to the
> employer, out of the recovery, against the 3rd person, the benefits paid by the
> employer under this Act less the employer's proportionate share of cost of
> collection, including reasonable attorney's fees.

In its complaint, the plaintiff asked the court to declare the amount of the lien

and specify how the lien must be paid. The 3rd person claim was settled for a lump sum

of $452,393.64 to Dennis and Joan Stevens and periodic payments of $2,550 payable

monthly to Dennis Stevens for his lifetime, funded by an annuity purchased by the 3rd

person. The settlement funds were allocated 80% to the claim of Mr. Stevens and 20%

to the consortium claim of Ms. Stevens. The settlement was valued at $970,000,

representing the following: $323,333.33 as attorney's fees, $82,925.08 held in escrow by this defendant's lawyers, costs of $46,135.23, and annuity value of $517,606.36. The court has already declared that the lien was initially $210,746.22. It has been represented in the pleadings that plaintiff has in fact not been paying its proportionate share of attorney's fees since the settlement. Although the parties could ultimately agree to set off amounts due under this provision against the lien, the court is not ordering that the set-off take place because the payment obligation is separate from the lien obligation and is actually exempt from the lien. Since the only available cash that could be subject to the lien is the escrowed $82,925.08, the question of whether annuity payments are subject to the lien remains.

Initially, the court rejects the defendant's argument that the escrowed cash represents a portion of the claim attributable to Ms. Stevens' loss of consortium claim alone. The defendant argues that because the $452,393.64 that comprises attorney's fees, costs and the escrowed sum was paid to both Dennis and Joan Stevens and the annuity was only payable to Dennis, the escrowed funds must have been intended for Joan only. If one were to adopt this theory, one would also have to conclude that the remainder of the $194,000 consortium recovery was spent on attorney fees. According to this scenario, 59% of the portion of the settlement attributable to the consortium claim would be spent on attorney's fees and costs instead of 38%, the portion of the entire settlement that was consumed by those fees and costs. There is absolutely no reason to adopt this result.

The value of the loss of consortium claim is 20% of the settlement proceeds remaining after payment of attorney fees and costs, a fact that is not in dispute as evidenced in plaintiff's trial brief in which it agrees that 20% of the settlement is not includable in the lien. Consistent with recognizing this allocation of settlement

proceeds, this court concludes that 80% of the amount held in escrow is subject to the lien. Next, the court turns to issue of whether the annuity proceeds are subject to the lien.

The unfortunate circumstances in which the parties find themselves create a situation in which any alternative followed by the court yields unacceptable results. If the court followed the defendant's approach, the lien would be zero and if the defendant were able to return to work in the future the plaintiff could attempt to recover funds to which it would be entitled, with no assurance of any kind that funds could be recovered. If by some mechanism its lien sprang to life in the future, defendant could continue to argue that it is nothing more than a judgment and collection would be governed by the provisions of Title 14. If the court followed the plaintiff's approach, the defendant would not receive the annuity payments upon which he may depend to meet necessary living expenses until the lien was satisfied. The culprit in this dilemma is the continued existence of the workers' compensation case that prevents one from knowing the period in the future that defendant would be entitled to receive workers' compensation benefits, if it were not for the holiday. If that case had been settled, or if satisfactory evidence concerning the future likelihood of defendant's receipt of such benefits had been admitted in this case, the issue could have been resolved relatively easily.

The defendant's basic argument is that the annuity payments to Mr. Stevens are immune from the lien because they are exempt under Maine's exemption statutes, specifically 14 M.R.S.A. § 4422(14)(E). That statute exempts the debtor's receipt of payment "in compensation of loss of future earnings of the debtor or an individual of whom the debtor is dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Other exemptions that are arguably relevant

to this case, include a provision that exempts certain disability benefits and pensions including annuities on account of illness or disability subject to the same reasonable necessity standard, found at 14 M.R.S.A. 4422(13)(E); and a provision that exempts disability and illness benefits found at 14 M.R.S.A. 4422(13)(C). The Law Court has held that the lien statute is applicable to 100% of the recovery from responsible 3rd persons, including non-wage elements of damage. *See, e.g., Perry v. Hartford Accident and Indemnity Co.*, 481 A.2d 133, 139 (Me. 1984). If the court adopted the defendant's position, it would be declaring that the lien is nothing more than a judgment, to be collected like any other judgment. Since there has been no evidence offered concerning the extent to which the annuity payments are reasonably necessary for the support of the debtor, plaintiff would have to commence disclosure proceedings in order to obtain an order of payment. Furthermore, carrying defendant's argument further, superimposing Title 14 exemptions on the lien entitlement would affect more than recoveries in the form of an annuity because the exemptions are in no way restricted to annuities. The provision defendant relies on, 14 M.R.S.A. 4422 (14)(E), would exempt all legal awards traceable to a payment in compensation of loss of future earnings to the extent necessary for the debtor's support, whether in the form of an annuity or not. 14 M.R.S.A. 4422 (13)(C) exempts disability and illness payments without reference to the form of the payment. According to the defendant's interpretation, the lien exemption could apply to all 3rd person recoveries in the form of a disability or illness benefits, an annuity on account of illness or disability, and any recovery for lost future earnings in the form of an annuity or otherwise. If it were intended that a wholesale application of Title 14 exemptions applied to the lien on 3rd party recovery, the lien statute surely would have explicitly mentioned the exemptions.

Plaintiff argues that the exemption statute does not insulate against claims based on statutory lien rights. The court agrees. Generally, a more specific statute controls over a more general statute, *See, e.g., Fleet National Bank v. Liberty*, 2004 ME 36, ¶10, 845 A.2d 1183, 1185, and a lien statute establishing the right of an entity that has paid workers' compensation benefits to an injured worker to recover from a responsible 3rd person is more specific than a general exemption statute. There is no expressed legislative intent to restrict the recovery to sums beyond what is reasonably necessary for the support of the worker and any dependent. Furthermore, the worker has already received appropriate workers' compensation benefits and 39-A M.R.S.A. § 107 clearly expresses intent that the recipient of the benefits not receive the full 3rd party settlement as well. The lien provision does not diminish the workers' compensation benefits he has already received, but only sets off the 3rd person recovery against them. The two statutes should not be interpreted in a way that clearly frustrates the purpose of one of them.

Finally, if the court adopts the defendant's position, an employee in every case can avoid the workers compensation lien simply by settling the 3rd party claim by using a structured settlement or arguing that any lien is subject to Title 14 exemptions. An employee should not be able to improve his rights to a 3rd party recovery by refusing to set aside sufficient funds to satisfy the lien. Nothing prevented this employee from holding sufficient funds to satisfy the lien until agreement was reached on the amount of the lien or until the court resolved the question.

Although the court is ruling that the annuity payments in general are subject to the lien and must be paid over to the plaintiff until the lien is satisfied, it also recognizes that in order to be consistent, 20% of the annuity payment should not be subject to the lien because that portion is attributable to the loss of consortium claim. The Court Orders as follows:

The lien established by the court's order of December 19, 2009 attaches to 80% of all 3rd party settlement proceeds remaining in the possession of Gilbert & Greif, P.A., and to the extent that such proceeds are not sufficient to satisfy the lien in full, the lien attaches to and the plaintiff is entitled to receipt of 80% of each payment from the annuity purchased with the 3rd party settlement proceeds until the lien amount is satisfied in full.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: April 22, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

A TRUE COPY
ATTEST:
CLERK

CONSTRUCTION SERVICES WORKERS COMPENSATION - PLAINTIFF

Attorney for: CONSTRUCTION SERVICES WORKERS COMPENSATION
JAMES D POLIQUIN   - RETAINED 07/12/2006
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

vs
DENNIS STEVENS  - DEFENDANT
247 US ROUTE 1,
PEMBROKE ME 04666
Attorney for: DENNIS STEVENS
ARTHUR GREIF  - RETAINED 08/15/2006
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

GILBERT & GREIF PA - DEFENDANT
PO BOX 2339,
BANGOR ME 04402
Attorney for: GILBERT & GREIF PA
ARTHUR GREIF   - RETAINED 08/15/2006
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2006-00146

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 07/12/2006

## Docket Events:
07/13/2006 FILING DOCUMENT - COMPLAINT FILED ON 07/12/2006

07/13/2006 Party(s):  CONSTRUCTION SERVICES WORKERS COMPENSATION
           ATTORNEY - RETAINED ENTERED ON 07/12/2006
           Plaintiff's Attorney: JAMES D POLIQUIN

07/13/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/13/2006
           TO PLAINTIFF'S ATTORNEY.

08/16/2006 Party(s):  DENNIS STEVENS,GILBERT & GREIF PA
           RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 08/15/2006
           BY DEFENDANTS DENNIS STEVENS AND GILBERT & GREIF, P.A.: ANSWER AND COUNTERCLAIM

08/16/2006 Party(s):  DENNIS STEVENS
           ATTORNEY - RETAINED ENTERED ON 08/15/2006
           Defendant's Attorney: ARTHUR GREIF

08/16/2006 Party(s):  GILBERT & GREIF PA
           ATTORNEY - RETAINED ENTERED ON 08/15/2006
           Defendant's Attorney: ARTHUR GREIF