**FORD NEW HOLLAND, INC.**

**v.**

**THOMPSON MACHINE, INC., et al.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1992.
Decided Dec. 3, 1992.

Peter S. Plumb and Barbara Schneider (orally), Murray, Plumb & Murray, Portland, for plaintiff.

John S. Campbell (orally), Poulos, Campbell & Zendzian, Portland, for Thompson Mach.

David Hirshon, Thompson, McNaboe, Ashley & Bull, Portland, for Casco Northern.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Defendant Thompson Machine, Inc., appeals from an order of the Superior Court (Cumberland County, *Lipez, J.*) granting the motion of plaintiff Ford New Holland, Inc., for a writ of replevin and bond. Thompson Machine argues that the bond is insufficient because it is not a surety bond. Ford New Holland contends that Thompson Machine's appeal should be dismissed as an appeal from an interlocutory order. We agree that the bond is insufficient, and we vacate the order.

I.

Ford New Holland obtained a perfected security interest in Thompson Machine's entire inventory. Subsequently the parties entered into a written dealership agreement whereby Thompson Machine agreed to sell Ford New Holland's agricultural and industrial equipment. In that agreement, Ford New Holland took a purchase money security interest in all of Thompson Machine's unpaid-for inventory. Thereafter, Thompson Machine granted to Casco Northern Bank a security interest in Thompson Machine's inventory to secure a loan. After the bank obtained an order of replevin for Thompson Machine's inventory restraining it from making any further sales, Ford New Holland sought to enforce its security interest. Employees of both Ford New Holland and Thompson Machine took an inventory of the items subject to Ford New Holland's security interest and packed the Ford equipment still in Thompson Machine's possession. Before the equipment was removed, however, Thompson Machine put the equipment into a locked trailer and denied Ford New Holland access. As a result, Ford New Holland moved for an order of replevin and bond. The trial court granted the motion and ordered that Ford New Holland post a $300,000 nonsurety bond.

II.

The first issue to be examined is whether the order of replevin and bond is a final judgment from which an appeal can be taken. We will not "consider an appeal unless it derives from a final judgment or order, or unless, notwithstanding the lack of finality, it falls within a recognized exception to the final judgment rule." *Connors v. International Harvester Co.*, 437 A.2d 880, 881 (Me.1981). An order of judgment is final if "1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court, and 2) no subsequent proceedings in the case will render the appellate court's decision immaterial." *In re Erica B.*, 520 A.2d 342, 343–44 (Me.1987). Because this replevin order is part of a preliminary process, it is not a final judgment.

The order does, however, fall into one of the exceptions to the final judgment rule. We have previously recognized that when "substantial rights of a party will be irreparably lost if review is delayed until final judgment," the death knell exception to the final judgment rule applies. *Cook v. Cook*, 574 A.2d 1353, 1354 (Me.1990). The defendant in a replevin action is guaranteed security by the statutorily mandated bond. Just as an order vacating an attachment falls into the death knell exception because it jeopardizes the plaintiff's security, so too does the possibility of a bond without sufficient sureties jeopardize the security of the person whose property was replevied. *See Plumbago Mining Corp. v. Sweatt*, 444 A.2d 361, 368 (Me.1982) (plaintiff will suffer irreparable harm should the order vacating attachment stand since nothing of value will remain attached and plaintiff would lose the security for its judgment). *See also Buckminster v. Acadia Village Resort, Inc.*, 565 A.2d 313, 315 (Me.1989) (extended exception to order dis-

charging plaintiff's mechanics liens because irreparable harm could result from depriving the ultimately successful plaintiff of his security). Thus the death knell exception applies to the instant case.

### III.

The next issue is whether this nonsurety bond is sufficient. The replevin statute dealing with the bond requirement provides:

> Before serving the writ, the officer shall take from the plaintiff, or someone in his behalf, a bond to the defendant, with sufficient sureties or with a surety company authorized to do business in this State as surety, in double the value of the goods to be replevied, conditioned as in the prescribed form of the writ, to be returned with the writ to the court from which the writ issued, for the use of the defendant, and new sureties or surety company may be required thereon as provided in section 7403.

14 M.R.S.A. § 7303 (1980). The statute is clear that the plaintiff's bond should have "sufficient sureties" to provide security for the defendant for possible damages and costs in the event of a wrongful replevin. Ford New Holland's contention that despite the direct statutory mandate a surety is unnecessary because it has adequate financial resources to personally secure the bond is unpersuasive. It is not the solvency of any given plaintiff that is at issue, but rather the protection afforded the defendant. Therefore, Ford New Holland's failure to provide a sufficient surety renders the bond insufficient.

The entry is:

Order of replevin and bond vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.