JUL 25 2005

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Civil Action
Docket No. CV-04-038

David Dean, Jr. and Laura Dean,
Plaintiffs

v.

Dale Scott, Concrete Craftsmen, Inc.,
Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

APR 26 2005

RECEIVED

ORDER

This case comes before the Court on Plaintiffs David and Laura Dean's

Motion to Amend their complaint and on Defendants Dale Scott and Concrete

Craftsmen, Inc.'s Motion to Strike a memorandum of law submitted by Plaintiffs.

## FACTS

On November 9, 2001, Plaintiff David Dean, Jr. and his son Zachary were

traveling on I-95 near Gray when they were struck from behind by a truck

belonging to Defendant Concrete Craftsmen, Inc., and driven by Defendant Dale

Scott. David Dean and Zachary were both injured and their vehicle sustained

substantial damage. On January 14, 2004, David Dean and his wife Laura filed a

complaint against Concrete Craftsmen, Inc. and Dale Scott, alleging negligence

(Count I) and Loss of Consortium (Count II). On August 13, 2004, Plaintiffs

moved to amend their complaint to add claims for intentional infliction of

emotional distress and punitive damages. Plaintiffs filed a second motion to

amend on November 30, 2004, dropping the claim for intentional infliction of

emotional distress, but retaining the claim for punitive damages. Plaintiffs ALSO

filed a "Supplemental Memorandum of Law in Support of the Motion to Add

Punitive Damages," which Defendants now move to strike.

## DISCUSSION

Defendants argue Plaintiffs' motion should be denied on grounds that the added claim for punitive damages is futile. Plaintiffs argue their claim for punitive damages alleges facts sufficient to survive a motion to dismiss, and therefore, survives Defendants' allegation of futility.

Under Maine law, a motion to amend may be denied when the added claims of the amended complaint would be futile. *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994). "'Futility'" means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In assessing "futility," the court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.* Thus, denial for futility is warranted only when it appears "beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim."' *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (*quoting Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)).

Here Plaintiffs seek to add a claim for punitive damages. Punitive damages are available in Maine when the plaintiff can show by clear and convincing evidence that the defendant acted with malice. *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). Malice may be found either when a defendant is motivated by actual ill will toward the plaintiff, or when the defendant's conduct is "so outrageous that malice toward the person injured as a result of that conduct can be implied." *Id.* To meet the standard for implied malice, a defendant's conduct cannot merely show negligence, gross negligence, or reckless disregard, but must be "outrageous." *Tuttle*, 494 A.2d at 1361-62. Thus when a driver lead police on a high speed chase and misdirected rescuers after

2

an accident in which his passenger drowned, his conduct was found to be "more than sufficiently outrageous to meet the test for implied malice." *Butterfield v. Norfolk & Dedham Mut. Fire Ins. Co.*, CUMSC-CV-01-466 (Me. Super. Ct., Cum. Cty. March 19, 2003)(Humphrey, J.). However, the conduct of a driver who sped through city streets, ran a stoplight, and struck plaintiff's vehicle with enough force to shear it in half, was not sufficiently outrageous to justify punitive damages. *Tuttle*, 494 A.2d at 1362.

Here, Plaintiffs' pleadings allege that Concrete Craftsmen entrusted their vehicle to Dale Scott knowing he had a serious history of driving infractions, that Dale Scott drove the truck at an excessive rate of speed, hitting the Plaintiffs' vehicle with considerable force, and that Scott failed to leave his own vehicle before rescuers arrived to determine whether the unconscious occupants of the vehicle he hit were in need of immediate assistance. Viewed in a light most favorable to Plaintiffs, the amended complaint alleges facts that, if proved, could be found to meet the standard of outrageousness needed to support an award of punitive damages, and are sufficient to withstand a 12(b)(6) motion to dismiss, and therefore to withstand Defendants' argument of futility.

Plaintiffs David and Laurel Dean's Motion to Amend to add a count for punitive damages is hereby **GRANTED**. Nothing in Plaintiffs' "Supplemental Memorandum of Law" is material to this decision, and Defendants' Motion to Strike is therefore **DENIED**.

Dated April 26, 2004

Roland A. Cole
Justice, Superior Court

3

= COURTS
.nd County
ox 287
1e 04112-0287



CHRISTOPHER DINAN ESQ
PO BOX 7046
PORTLAND ME 04112

= COURTS
nd County
ox 287
1e 04112-0287

ANDREWS CAMPBELL ESQ
45 KALERS CORNER ROAD
WALDOBORO ME 04572

= COURTS
nd County
ox 287
1e 04112-0287