STATE OF MAINE                                                    SUPERIOR COURT
                                                                    CIVIL ACTION
YORK, ss.                                                    DOCKET NO. RE-08-058
                                                              GAB -YOR - 3/4 .e/ .e

DANVERSBANK,

            Plaintiff


v.                                                              **ORDER**


RHONDA J. MARSHALL, f/k/a
RHONDA J. ARMSTRONG, et al.,

            Defendants


This case comes before the Court on Defendants' motion to amend pleadings pursuant to M.R. Civ. P 15, and Danversbank motion for summary judgment pursuant to M.R. Civ. P. 56. Following hearing, the Motion to Amend is Denied and the Motion for Summary Judgment is Granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants Rhonda Marshall (f/k/a/ Rhonda Armstrong) and Christopher Armstrong ("the Defendants") are owners of certain real property located at 16 Hiltons Lane in Wells, Maine. PSMF ¶ 1. On or about May 23, 2007, the Defendants gave a promissory note ("the Note") to Plaintiff Danversbank. PSMF ¶ 2. The Note was in the principal amount of $343,500.00, and on the same day it was executed, the Note was amended and supplemented by an Adjustable Rate Rider. PSMF ¶ 2. To secure the Note, Defendants executed and delivered to Danversbank a mortgage ("the Mortgage"),

which gave the bank an interest in the property. PSMF ¶ 3. Danversbank is currently the holder of the Note and the Mortgage. PSMF ¶ 4.

Danversbank alleges that the Defendants are in default of the Note and Mortgage based on their failure to make the required monthly payments of principal and interest.[1] PSMF ¶ 5. By certified letters dated January 22, 2008 and March 7, 2008 (demand letters), Plaintiff made demand upon the Defendants under the Note and provided "Defendants the opportunity to make payment of the outstanding principal and interest and to correct all other defaults."[2] PSMF ¶ 7-8. As of September 17, 2008, Plaintiff alleges that Defendants owe $374,725.67 under the Note and Mortgage. PSMF ¶ 11.

When Defendants failed to make payments as outlined by the terms of the demand letters, on May 6, 2008, Danversbank filed the present complaint for foreclosure by civil action. PSMF ¶ 10. In Count I, Danversbank requests this court to enter judgment on the outstanding balance of the Note; in Count II, Danversbank seeks to foreclose on the Mortgage by civil action. On May 20, 2008 Plaintiffs filed their answer, asserting the defenses of failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), "failure of adequate consideration associated with [Danversbank's] misrepresentative or other negligent assessment" of the property at issue, and unclean hands. Two days later, on May 22, 2008, this Court issued its scheduling order, setting January 22, 2009 as the discovery deadline.

---

[1] The Defendants qualify this fact, stating that they "made two mortgage payments and paid the required home owners insurance consistent with the conditions of the mortgage, whereas the mortgagee engaged in overreaching and illegal conduct in the [Defendants'] opinion, regarding its processing and granting of the mortgage." Rhonda Marshall's Opposition to Statement of Undisputed Material Fact, ¶¶ 5-6.

[2] While Defendants admit receiving these letters, they deny that they are in default "under the circumstances." Rhonda Marshall's Opposition to Statement of Undisputed Material Fact, ¶ 7.

On September 5, 2008, Defendants filed the present motion to amend their answer, asking the court for leave to add a counterclaim for an alleged violation of the Unfair Trade Practice Act.[3] Danversbank opposes this motion, arguing that such a counterclaim is time barred, fails to state a claim, and finally, was filed for purposes of causing delay. In addition to opposing Defendants' motion to amend answer, on September 29, 2008, Danversbank also filed the present motion for summary judgment.

DEFENDANTS' MOTION TO AMEND PLEADING

Generally, a party may amend its pleading before a responsive pleading is served or, if no responsive pleading is required, within twenty days after service. M.R. Civ. P. 15(a). A party may also amend a pleading "by leave of court," and "leave shall be freely given when justice so requires." M.R. Civ. P. 15(a).

The Maine Rules of Civil Procedure require the assertion of a counterclaim for any claim "aris[ing] out of the transaction or occurrence" set forth in the complaint. M.R. Civ. P. 13(a)(1). Here, Defendants did not move to amend their answer to add a counterclaim until almost four months after Danversbank filed its complaint. Moreover, Defendants have not provided a reasonable excuse for its delay. See *Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, 956 A.2d 110, 188; See 1 Field, McKusick & Wroth, Maine Civil Practice § 13.8, at 278 (2d ed. 1970).

Beyond this, Defendants' counterclaim is fatally flawed in that it is brought pursuant to Maine's Unfair Trade Practices Act (UPTA), and the UPTA is inapplicable in these circumstances. Under the UPTA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."

---

[3] In support of their motion for leave to amend, the Defendants provide no reason as to why the counterclaim was not included in the original complaint.

3

5 M.R.S.A. § 207.[4] While the UTPA "provides consumers generally with a cause of action against providers of goods and services who engage in unfair or deceptive acts or practices," see 5 M.R.S.A. §§ 207, 213, the unfair and deceptive practices of financial institutions are governed by separate provisions of Maine law. 9-B M.R.S.A. §§ 241-44 (Chapter 24). *Shapiro v. Haenn*, 190 F. Supp. 2d 64, 69 (D. Me. 2002). "The Maine legislature has specifically exempted financial institutions that are subject to the provisions of Chapter 24 from the coverage of the UTPA." *Id.* (citing 9-B M.R.S.A. § 244).[5]

As Danversbank is a "duly licensed bank" under 9-B M.R.S.A. § 244, it is exempt from the UTPA, and therefore, Defendants' cannot maintain an action against Danversbank under the UPTA. Thus, because amending the complaint to include a claim under the UPTA would be futile, Defendants' motion for leave to amend answer is denied. See *Glynn v. City of S. Portland*, 640 A.2d 1065, *1067 (Me. 1994).*

PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing

---

[4] The Legislature has directed courts construing Section 207 of the Maine Unfair Trade Practice Act to "seek guidance from 'the interpretations given by the Federal Trade Commission and the Federal Courts to section 207's counterpart in the Federal Trade Commission Act, 15 U.S.C.A. § 45(a)(1) (West 1997)." *Searles v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, ¶ 32, 878 A.2d 509, 519 (citing 5 M.R.S.A. § 207(1)). The standard of what is an unfair or deceptive act has been codified and centers around whether "the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C.A. § 45(n) (1997).

[5] Under 9-B M.R.S.A. § 244, "[a] financial institution authorized to do business in this State or credit union authorized to do business in this State subject to the provisions of this chapter is exempt from the provisions of Title 5, chapter 10" [also known as the UPTA].

4

versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

14 M.R.S.A. §§ 6321-6325 (2007) governs foreclosures by civil action. Under the pertinent sections of Section 6322, the court's role is to determine whether there has been a breach of the mortgage agreement and "the amount due thereon, including reasonable attorney's fees and court costs." Plaintiffs contend that they have alleged and proven all the necessary facts required under 14 M.R.S.A. § 6321. Specifically, they point to the fact that they have a mortgage on specific real estate owned by the Defendants (PSMF ¶ 3), that the mortgage secures a debt under a promissory note (PSMF ¶¶ 2-3), that the Defendants are in default under the Note (PSMF ¶ 7), and that the Plaintiffs have demanded foreclosure in their complaint. See 14 M.R.S.A. § 6321.

Reviewing the Defendants' opposition, they deny that they were in default of the Note and Mortgage.[6] However, other than claiming that they made two mortgage payment as required by the Note, Defendants base these denials on the fact that Danversbank "engaged in overreaching and illegal conduct in the Defendants' opinion" regarding the mortgage transaction. While Defendants' opposition contains record citations, they all reference an Affidavit, prepared and submitted by Defendant Rhonda Marshall, which contains unsupported factual and legal conclusions.[7]

---

[6] See Rhonda Marshall's Opposition to Statement of Undisputed Material Fact, ¶¶ 5, 6, 7, 10, 11.

[7] For example, in her affidavit, Ms. Marshall alleges that the mortgage loan was supported by a "grossly inflated appraisal value," that a "comparable house" located near her own is valued at $90,000

M.R. Civ. P. Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the moving party's statement of material facts with record citations. Under Rule 56(h)(4), any statement that is not properly controverted is admitted. If the opposing party chooses to include a statement of additional facts, he or she must support those facts with record citations or the court must disregard them. See *Levine v. R.B.K. Caly Corp.*, 200 ME 77, n. 5, 770 A.2d 643, 656. Each party's statement of material fact must contain specific references "which refer to evidence of a quality that could be admissible at trial." *Doyle v. Dep't of Human Services*, 2003 ME 1 ¶ 12, 824 A.2d 48, 53.

Here, Defendants did not properly controvert the material fact, as alleged Paragraph 5 of Danversbank's statement of material fact, that they were in default under the Note. In their attempt to controvert this fact, Defendants rely on Ms. Marshall's affidavit, which is replete with factual and legal conclusions.[8] Elements of the affidavit of Ms. Marshall are not competent evidence of a quality that would be admissible at trial. Thus, Defendants failed to controvert the essential facts contained in Danversbank statement of material fact. As such, those facts are deemed admitted.

Notwithstanding the fact that the Defendants' failure to adequately respond to the motion for summary judgment, it remains for this Court to determine (1) whether Danversbank met the statutory requirements of 14 M.R.S.A. § 6321, and (2) whether Danversbank has presented sufficient evidence to show that it is entitled to judgment as a matter of law. See M.R. Civ. P 56(c).

---

less than her house, and that she was taken advantage of by Danversbank. See ¶ 2, Rhonda Marshall's Affidavit.

[8] Further, Defendants never really deny that they are in default, only that they deny default "under these circumstances," a position which is evidently supported by their opinion that Danversbank engaged in over-reaching and illegal conducts. ¶ 5, Marshall Affidavit.

Section 6321 requires that the "complaint shall allege with specificity the plaintiff's claim by mortgage on such real estate, describe the mortgaged premises intelligibly, state the amount due on the mortgage, state the condition broken and by reason of such breach demand a foreclosure and sale." 14 M.R.S.A. § 6321. Here, Danversbank has complied with all the necessary requirements under this provision.

On the issue of sufficient evidence, because the Defendants failed to properly controvert Danversbank statement of material fact, the fact that they are currently in default under the Note and Mortgage is admitted. This fact is also supported by the affidavit of Laurie Romano, the Assistant Treasurer of Danversbank, and supplemented by authenticated copies of the actual Note and Mortgage. As such, Danversbank has met its burden in showing, as a matter of law, that the Defendants are in default of the Note and Mortgage.

On this issue of amount owed, Ms. Romano's affidavit reflects that, as of September 17, 2008, the Defendants owe $374,725.67 under the Note and Mortgage. This affidavit is based on Ms. Romano's personal knowledge and certain business records. As Ms. Romano's affidavit is sufficient to establish the necessary foundation for the admission of these records,[9] and because Danversbank provided authenticated copies of all records relating to this case, including but not limited to the Note, Mortgage, the adjustable rate rider, and both demand letters, summary judgment, as to amount owed, is granted.

---

[9] "A proper foundation for the admission of documents pursuant to the business records exception requires the testimony of 'the custodian or other qualified witness' to show that: (1) the record was made 'at or near the time' of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein; (2) the record was kept 'in the course of a regularly conducted business'; (3) it was the regular practice of the business to make records of the type involved; and (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared." *LDC Gen. Contr. v. LeBlanc,* 2006 ME 106, ¶ 15, 907 A.2d 802,806. See also, ¶ 2, Romano Affidavit.

It should be noted that Defendants asserted three affirmative defenses that, if proven, could have an effect on the total amount owed to Danversbank. Two of these affirmative defenses are based on allegations that Danversbank purposefully inflated the price of the property in its processing and granting of the mortgage. As such, at this stage, if Defendants could show that there is a genuine issue of material fact as to whether Danversbank knew or should have known that the mortgage agreement was purposefully inflated, than summary judgment would be improper on the issue of amount owed. However, the Defendants have not provided competent evidence showing that Danversbank knew or should of known of the inflated value of the property in the processing and granting of the mortgage. The only facts that Defendants provide in opposition to summary judgment and in support of its affirmative defenses is Defendants' *opinion* that Danversbank engaged in overreaching and illegal conduct regarding the processing and granting of the mortgage and an affidavit from Lori Petrovic, Defendants former neighbor, who states that she sold her property located next to Defendants' property in March 2008 for $275,000.00. Such evidence is not sufficient to raise a genuine issue of material fact as to the value of the Defendants' property, and therefore, does not raise a genuine issue of material fact as to the amount owed by Defendants to Danversbank.

## CONCLUSION

Defendants' motion to amend is DENIED. Danversbank's motion for summary judgment is GRANTED. The judgment of foreclosure is attached.

Dated:        March ⁄, 2009

William Leete, Esq. - PL
Taylor D. Fawns, Esq. - PL
Robert M. A. Nadeau, Esq. - Limited Appearance
for DEF. Rhonda J. Marshall f/k/a Rhonda J. Armstrong
Christopher A. Armstrong - DEF (pro se)

G. Arthur Brennan
Justice, Superior Court

8