STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-457

JOHN CACOULIDIS, individually
and on behalf of METRO 300, LLC
& METRO MEDIA PROPERTIES, LLC,

Plaintiffs

v.

DANIEL DORNFELD,

Defendant

ORDER ON
MOTION TO DISMISS

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 27 2015

RECEIVED

Before the court is the plaintiff's motion to dismiss defendant's counterclaim under M.R. Civ. P. 12(b)(6). For the following reasons, the motion is granted subject to defendant's ability to file a motion to amend the counterclaim.

## BACKGROUND

Plaintiff John Cacoulidis is a member and sole manager of the Metro 300 and Metro Media Properties LLCs. (Counterclaim ¶ 4.) Defendant Daniel Dornfeld has a 5% interest in each company. (Counterclaim ¶ 5.) Dornfeld is also an attorney licensed to practice in Maine and New York.

Dornfeld worked as Cacoulidis's personal attorney and served as general counsel for Cacoulidis's construction and real estate businesses. (Am. Compl. ¶ 1.) Plaintiffs' complaint alleges that Dornfeld improperly took advantage of Cacoulidis and improperly took an interest in Cacoulidis's businesses in violation of the Maine Bar Rules in effect at the time. (Am. Compl. ¶¶ 1-3.)

Dornfeld's counterclaim includes two counts. In Count I, he alleges that Cacoulidis has acted inappropriately and fraudulently with respect to the two LLCs and asks the court for an order dissolving the two companies and awarding him his share of the assets of each business. (Counterclaim ¶¶ 6-7.) In count II Dornfeld alleges that Cacoulidis has wrongfully disassociated him from, and converted his interest in, the two LLCs. (Counterclaim ¶ 9.) He requests judgment in the amount of his interest in each company.

## DISCUSSION

### Standard of Review

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in the pleading as admitted. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995)). Although this is not a difficult standard to meet, the pleading must nevertheless "allege facts with sufficient particularity so that, if true, they give rise to a cause of action; merely reciting the elements of a claim is not enough." *America v. Sunspray Condo Ass'n*, 2013 ME 19, ¶ 13, 61 A.3d 1249.

2

Count I – Dissolution of LLCs

Under Maine law, the Superior Court may dissolve a limited liability company if " the members in control of the limited liability company have acted, are acting or will act in a manner that is illegal or fraudulent . . . ."[1] 31 M.R.S. § 1595(E) (2014). The only allegation in count I of the counterclaim states: "The members in control of each of the limited liability company as referenced above, have acted, are acting, and continue to act in a manner that is inappropriate, contrary the law of the State of Maine and fraudulent as to the rights and entitlements of Mr. Dornfeld." (Counterclaim ¶ 6.) This allegation does little more than mirror the language of the statute. Defendant has not alleged any facts that, if proven, would entitle the defendant to relief under some legal theory. Count I can be dismissed.

Count II – Wrongful Disassociation/Conversion

In count II of the counterclaim, Dornfeld alleges wrongful disassociation from the LLCs and conversion. Dornfeld does not identify any legal basis for his claim for wrongful disassociation. "The necessary elements to make out a claim for conversion are: (1) a showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder." *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798. Dornfeld has failed to allege any facts in count II of the counterclaim that would entitle him to relief. Count II can therefore be dismissed.

---

1 There are other events that can trigger dissolution of an LLC, but they are not relevant in this case. *See* 31 M.R.S. § 1595.

3

<u>Leave to Amend</u>

Dornfeld asks that he be granted leave to amend the counterclaim if the court concludes that the allegations are insufficient to withstand the motion to dismiss. Leave to amend a pleading "shall be freely given when justice so requires." M.R. Civ. P. 15(a). Plaintiffs argue that amendment of the counterclaim would be futile. *See Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994) (trial court may deny motion to amend when amendment would be futile). Without a proposed amended counterclaim, however, the court cannot make that determination. Dornfeld will be given an opportunity to file a motion to amend the counterclaim.

## CONCLUSION

Both counts of Dornfeld's counterclaim fail to state a claim upon which relief can be granted. Dornfeld will be given an opportunity to amend the counterclaim.

The entry is:

> Defendant shall have 21 days from the date of this order to file a motion to amend the counterclaim and a proposed amended counterclaim. Plaintiffs may challenge the motion to amend.

> If defendant fails to file a motion to amend, the counterclaim shall be dismissed.

Date: 3|27|15

Joyce A. Wheeler
Justice, Superior Court

DOCKETED
03/31/15

Plaintiff-John Branson Esq
Defendant-James Bowie Esq

4